WALLACE, JUDGE:
The claimant seeks to recover $73,501.54 expended in remodeling her store and barn for use as a liquor store for the sale of alcoholic beverages as an agency of the respondent.
At a pre-trial conference held in this matter, it was determined that the claim be bifurcated and only the question of liability be heard and determined at this hearing.
The claimant had become acquainted with a person by the name of Jim Morgan who was connected with the Snowshoe Ski Resort in Pocahontas County, West Virginia. Mr. Morgan was interested in obtaining a permit for a liquor agency to serve the resort, but, for reasons unrelated to this hearing, was denied a permit. Claimant was advised by Morgan of the possibility of establishing an agency on her premises in the unincorporated community of Slatyfork, West Virginia, in Pocahontas County. In fact, he furnished her an application form and accompanied Gary Hamrick, of the Alcohol Beverage Control Commissioner, on his first visit to the claimant. Claimant was told that Slatyfork was a good location because of its proximity to the Snowshoe resort. The claimant operated a small restaurant and gas station in Slatyfork which she remodeled for the purpose of installing a liquor store. Respondent’s representatives had indicated that there was not sufficient storage space, and claimant remodeled and converted an old barn on her premises to be used as the store. Although the store and storage area were supposed to be in the same premises, claimant was given permission to store liquor in her *156 garage until remodeling was complete. Claimant testified that no remodeling started until a permit was issued.
On June 12, 1979, claimant made application to the respondent to become a State alcohol beverage agency. An agency agreement dated July 25, 1979, was executed by the claimant and respondent after proper bond was furnished by claimant. The agency opened for business in Slatyfork on November 8, 1979. It was later determined that Pocahontas County was a dry county as the result of a local option election held on May 25, 1954. Claimant was notified to close the agency effective January 17, 1980, and the agency agreement was terminated February 16, 1980.
Mr. Hamrick, in his testimony, stated that the ABC Commissioner used a prepared list of all counties in West Virginia, and that Pocahontas County was listed as a wet county.
The claimant testified that she had no knowledge of the referendum in May of 1954 when the county voted dry. She was thirty years old in 1954 and a resident of the county. Because of the referendum, the respondent contends that the contract with the claimant was void and unenforceable, and there can be no liability on the part of the respondent. The claimant knew that the respondent had established liquor stores in the incorporated towns of Cass and Marlinton, both in Pocahontas County, and that it had been negotiating with Mr. Morgan, who wanted to establish an agency at the Snowshoe Ski Resort six miles from Slatyfork. The claimant was not an attorney nor was she represented by one at that time. She could not have been expected to be fully aware of the legal requirements necessary to make a perfectly formal contract with the State. Claimant was certainly justified in accepting the representations of the respondent. In the case of Cook v. Dept. of Finance and Administration, 11 Ct.Cl. 28 (1975), this Court held,
“The Court cannot absolve the State of liability from a contract which its agent made without compliance with the letter of the law where a private citizen has been injured by the agents’ actions in behalf of the State, especially when there has been no question, except technically, as to the agents’ authority.”
*157 The Court is of the opinion that the respondent is liable to the claimant for damages sustained by the claimant, fully realizing that consideration must be given to any benefits realized by the claimant. This claim is therefore held open for further evidence with regard to the damages sustained by the claimant.